IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GABRIEL PITTMAN,** : | CIVIL ACTION NO. 1:24-CV-1241 |
| : | |
| Petitioner : | (Judge Neary) |
| : | |
| v. : | |
| : | |
| **JOHN RIVELLO,** : | |
| : | |
| Respondent : | |

## MEMORANDUM

This is a habeas corpus case filed under 28 U.S.C. § 2254. Petitioner, Gabriel Pittman, challenges a 2017 criminal conviction imposed by the Schuylkill County Court of Common Pleas for aggravated assault of a correctional officer, simple assault, and simple harassment. The petition will be dismissed with prejudice as untimely and procedurally defaulted.

**I.      Factual Background & Procedural History**

Pittman was incarcerated in Mahanoy State Correctional Institution ("SCI-Mahanoy") in 2015. On November 10, 2015, he punched Jeffrey Banks, a lieutenant in the prison, after Banks asked him to leave the prison's dining hall. See (Doc. 1); Commonwealth v. Pittman, No. 958 MDA 2017, 2018 WL 1192206, at *1 (Pa. Super. Ct. Mar. 8, 2018). Pittman was charged with aggravated assault of a correctional officer, simple assault, and simple harassment. Id. Following a jury trial in the Schuylkill County Court of Common Pleas, he was convicted on all counts and sentenced to 6-12 years of imprisonment. Id.

Pittman appealed to the Pennsylvania Superior Court, arguing that the trial court lacked subject matter jurisdiction over his criminal case because the criminal information charging him with crimes did not contain sufficient information. Id. The Superior Court affirmed on March 8, 2018. Id. at *3. Pittman did not seek higher review by the Pennsylvania Supreme Court. (Doc. 1 at 2).

Pittman filed a collateral challenge to his conviction and sentence pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA") on February 28, 2024, which the Court of Common Please received and docketed on March 4, 2024. (Id. at 3); Commonwealth v. Pittman, No. CP-54-CR-0000718-2016 (Schuylkill Cnty. Ct. Com. Pl. Mar. 4, 2024). The Court of Common Pleas dismissed the PCRA petition as untimely on May 14, 2024. (Doc. 1 at 3-4); Pittman, No. CP-54-CR-0000718-2016. Pittman appealed to the Pennsylvania Superior Court on June 18, 2024. Id. On July 22, 2024, however, he voluntarily withdrew his appeal. Id.

Pittman filed the instant case on July 11, 2024, and it was docketed on July 25, 2024. (Doc. 1). The case was initially assigned to United States District Judge Christopher C. Conner. Judge Conner issued an order on August 8, 2024, in which he noted that the petition appeared to be untimely. (Doc. 3). Pursuant to United States v. Bendolph, 409 F.3d 155, 158 (3d Cir. 2005), Judge Conner accordingly ordered Pittman to show cause why the case should not be dismissed as untimely. (Doc. 3). Pittman responded to Judge Conner's order on August 22, 2024. (Doc. 4). The case was then reassigned to the undersigned on January 21, 2025, following

2

Judge Conner's retirement.[1] Pittman's arguments regarding timeliness are considered below.

## II. Legal Standard

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4. Pittman's petition will be dismissed under Rule 4 as untimely and procedurally defaulted.

## III. Discussion

### A. Timeliness

Section 2254 petitions are subject to a one-year statute of limitations, which begins to run from the latest of:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] Pittman's petition names as respondents both the superintendent of the prison in which petitioner is incarcerated and the Attorney General of Pennsylvania. (Doc. 1). The undersigned notes that prior to her appointment to this court, she was employed by the Attorney General's office. The proper respondent in a habeas corpus action, however, is the warden or superintendent of the facility where the petitioner is being held. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). Thus, because the Attorney General is not a proper respondent to this case and no attorneys from the Attorney General's office have entered an appearance in the case, the Attorney General will be dismissed from this case and the court finds that the naming of the Attorney General as a respondent does not require the undersigned to recuse herself from the case pursuant to 28 U.S.C. § 455.

> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitations period is tolled during the pendency of a "properly filed" application for post-conviction relief in state court. Id. § 2244(d)(2). The limitations period may also be equitably tolled if the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. Diguglielmo, 544 U.S. 408, 418 (2005).

Under Section 2244(d)(1)(A), Pittman had one year from the date his conviction became final to seek federal habeas corpus relief via 28 U.S.C. § 2254. See 28 U.S.C. § 2244(d)(1)(A). Pittman's conviction became final on April 7, 2018, the last date on which he could appeal the Superior Court's order affirming his conviction to the Pennsylvania Supreme Court. See Pittman, No. 958 MDA 2017, 2018 WL 1192206, at *1; Pa. R. App. P. 1113(a). Pittman accordingly had until April 7, 2019, to file a timely habeas corpus petition in this court. He did not file his petition until July 11, 2024, which was over five years after the expiration of this limitations period. There is also no basis to statutorily toll the limitations period under Section 2244(d)(1) because Pittman's PCRA petition was dismissed in state court as untimely. (Doc. 1 at 3-4); Pittman, No. CP-54-CR-0000718-2016. Petitions that are dismissed as untimely in state court are not "properly filed" and thus cannot toll the

4

limitations period for a Section 2254 habeas petition. Pace, 544 U.S. at 417. Pittman's petition is therefore untimely under Section 2244(d)(1)(A).

Pittman asserts three arguments to the contrary, none of which have merit. Pittman first argues that Judge Conner's order directing him to show cause as to why the case should not be dismissed as untimely is improper and that the court cannot raise the issue of timeliness *sua sponte*. (Doc. 4 at 1-3). This argument is meritless. Bendolph holds that "during the Rule 4 period, after giving notice and an opportunity to respond, courts may raise the AEDPA statute of limitations issue *sua sponte* without analysis of prejudice." Bendolph, 409 F.3d at 158. That is the exact procedure the court followed in this instance, and indeed, Judge Conner cited Bendolph to explain the process in his order. (See Doc. 3 at 1).

Pittman next argues that the untimeliness of his petition should be excused because he is actually innocent of the crimes for which he was charged. (Doc. 4 at 3-6). Credible claims of actual innocence may serve as an exception to AEDPA's one-year statute of limitations, see McQuiggin v. Perkins, 569 U.S. 383, 386 (2013), but a petitioner invoking the actual innocence exception must "(1) present new, reliable evidence of his innocence; and (2) show by a preponderance of the evidence that it is more likely than not that no reasonable juror would have convicted him (i.e., a reasonable juror would have reasonable doubt about his guilt) in light of the new evidence," Wallace v. Mahanoy, 2 F.4th 133, 151 (3d Cir. 2021) (citing Reeves v. Fayette SCI, 897 F.3d 154, 160 (3d Cir. 2018)). Pittman has not produced any new evidence that would justify his actual innocence argument; instead, he simply advances arguments against his conviction that he previously raised—or could have

5

previously raised—in state court proceedings. (See Doc. 4 at 3-6). This is not a sufficient basis to excuse the untimeliness of a petition under the actual innocence exception. See Wallace, 2 F.4th at 151.

Finally, Pittman argues that his petition is timely under 28 U.S.C. § 2244(d)(1)(C), because the Supreme Court's decisions in Erlinger v. United States, 602 U.S. 821 (2024) and United States v. Texas, 599 U.S. 670 (2023) represent newly recognized constitutional rights that have been made retroactively applicable to cases on collateral review like his.

With respect to United States v. Texas, this argument fails because even if the case could be construed as announcing a new rule of constitutional law, Pittman's petition would still be untimely. Under Section 2244(d)(1)(C), a habeas corpus petition must be filed within one year of "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). Pittman's petition fails to comply with this limitations period because United States v. Texas was announced on June 23, 2023, and Pittman did not file his petition until July 11, 2024.

Pittman's argument also fails with respect to Erlinger. Erlinger holds that a jury, rather than a judge, must decide whether a criminal defendant's past offenses were committed on separate occasions under the terms of the Armed Career Criminal Act ("ACCA"). Erlinger, 602 U.S. at 825, 835. This holding, the Supreme Court explains, follows from the Court's earlier decisions in Apprendi v. New

6

Jersey, 530 U.S. 466 (2000), and Alleyne v. United States, 570 U.S. 99 (2013), which recognize that "'a fact that increases' a defendant's exposure to punishment, whether by triggering a higher maximum *or* minimum sentence, must 'be submitted to a jury' and found unanimously and beyond a reasonable doubt." Erlinger, 602 U.S. at 833 (quoting Alleyne, 570 U.S. at 111-13). The Court in Erlinger notes that "[r]eally, this case is as nearly on all fours with Apprendi and Alleyne as any we might imagine." Id. at 835.

Pittman does not cite Erlinger for its specific holding regarding the ACCA, but rather for the general proposition that "[v]irtually any fact that increases the prescribed range of penalties to which a criminal defendant is exposed must be resolved by a unanimous jury beyond a reasonable doubt." (Doc. 4 at 8) (internal quotation marks omitted). This proposition of law, however, is not a new constitutional rule announced in Erlinger. To the contrary, the Erlinger Court explains that this principle comes from Apprendi and Alleyne, that it is "so firmly entrenched that we have now overruled several decisions inconsistent" with the principle, and that the facts of Erlinger are "as nearly on all fours with Apprendi and Alleyne as any we might imagine." Erlinger, 602 U.S. at 833, 835. Thus, the proposition of law for which Pittman cites Erlinger is not a "newly recognized" constitutional right that would trigger a new limitations period under 28 U.S.C. § 2244(d)(1)(C). The limitations period for Pittman's petition accordingly expired on April 7, 2019, and his petition must be dismissed as untimely.

7

**B.     Procedural Default**

Dismissal of Pittman's petition under Rule 4 is also appropriate because his claims are procedurally defaulted. Before seeking habeas corpus relief in federal court, a state prisoner must exhaust his remedies in state court. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To do so, the petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. In Pennsylvania, a petitioner may properly exhaust state court remedies by presenting a claim to the Pennsylvania Superior Court and is not required to appeal to the Pennsylvania Supreme Court. Lambert v. Blackwell, 387 F.3d 210, 233 (3d Cir. 2004). Petitioners seeking habeas corpus relief in federal court have the burden to establish exhaustion of state court remedies. DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005).

Habeas corpus claims are procedurally defaulted when either (a) the claims have not been exhausted and no additional state remedies are available under state procedural rules or (b) the claims were presented in state court but were not addressed on their merits because an independent and adequate state procedural rule barred review on the merits. Rolan v. Coleman, 680 F.3d 311, 317 (3d Cir. 2012). State procedural rules are independent if they are "not interwoven with federal law or dependent upon a federal constitutional ruling" and adequate if they were "'firmly established and regularly followed' at the time of the alleged procedural default." Bey v. Superintendent Greene SCI, 856 F.3d 230, 236 n.18 (3d Cir. 2017) (quoting Ford v. Georgia, 498 U.S. 411, 424 (1991)).

8

Courts may not consider procedurally defaulted claims unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). Petitioners may establish a fundamental miscarriage of justice if they can make a credible showing of actual innocence. Reeves, 897 F.3d at 160.

In this case, Pittman acknowledges that he failed to exhaust any of his claims because he did not pursue them on direct appeal and voluntarily withdrew his appeal in PCRA proceedings. (Doc. 1 at 6-10). The claims are procedurally defaulted because the one-year statute of limitations for a second or successive PCRA petition has long since expired under Pennsylvania law. See 42 Pa.C.S. 9545(b).

Pittman offers three arguments to excuse the procedural default. First, he argues that his trial counsel "abandon[ed]" him, which forced him to file his direct appeal *pro se*. (Doc. 1 at 6-7, 10). The court liberally construes this as an argument that trial counsel's ineffective assistance excuses the procedural default of his claims.

This argument fails because Pittman has not advanced it in state court. Before ineffective assistance of counsel can excuse the procedural default of another claim, the ineffective assistance claim generally must be presented in state court as an independent claim in accordance with state procedural rules. Edwards v. Carpenter, 529 U.S. 446, 452 (2000). In other words, "an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted" if it is not properly presented in state court. When

9

a petitioner has "multiple opportunities to challenge an error" in state court, "each time he fails to do so is a procedural default" that "must be excused" before the merits of his underlying claim for habeas corpus relief can be considered on its merits in federal court. Richardson v. Superintendent Coal Township SCI, 905 F.3d 750, 759 (3d Cir. 2018).

Pittman's second procedural default argument is that AEDPA preempts the PCRA and therefore means that he does not need to exhaust state court remedies. (Doc. 1 at 6-11). This argument is frivolous. AEDPA does not preempt the PCRA or eliminate the need to exhaust state court remedies. To the contrary, the law explicitly requires a petitioner to exhaust state court remedies. See 28 U.S.C. § 2254(b)(1).

Pittman's third and final procedural default argument is that PCRA counsel "abandon[ed]" him. (Doc. 1 at 11). The court liberally construes this as an argument based on Martinez v. Ryan, which holds that the ineffectiveness of counsel during collateral proceedings may excuse the procedural default of an underlying claim of ineffective assistance of trial counsel in certain circumstances. See Martinez v. Ryan, 566 U.S. 1 (2012). This argument fails for three reasons. First, Martinez only allows ineffective assistance of PCRA counsel to excuse the procedural default of a claim of ineffective assistance of trial counsel; it does not apply to any other categories of procedurally defaulted claims. Davila v. Davis, 582 U.S. 521, 529-30 (2017). Second, Martinez only applies when a claim is procedurally defaulted during initial-review collateral proceedings and not during collateral appeals, Norris v. Brooks, 794 F.3d 401, 404 (3d Cir. 2015), and here Pittman procedurally defaulted

his PCRA claims by voluntarily withdrawing his appeal. (Doc. 1 at 6-11). Finally, Pittman acknowledges that he filed his PCRA appeal *pro se* and subsequently withdrew the appeal *pro se*. The procedural default that occurred was therefore due to Pittman's *own* error rather than the error of counsel. There is accordingly no basis to excuse the procedural default of Pittman's claims and dismissal of the claims under Rule 4 is appropriate.

## IV.    Conclusion

The petition for writ of habeas corpus is dismissed with prejudice as untimely and procedurally defaulted. A certificate of appealability will not issue because jurists of reason would not debate the correctness of this procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:    February 21, 2025